UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED

SEP 27 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

CASE NO. : 1:23 CV 1125
JUDGE: SOLOMON OLIVER, JR.

**MARIO D. BLUE**
4212 East 186th Street
Cleveland, Ohio 44122
*Plaintiff,*

VS.

<u>**PLAINTIFFS MOTION
FOR SUMMARY JUDGMENT**</u>

**TRANSUNION, LLC.**
P.O. Box 805
Woodlyn, Pennsylvania 19094
*Defendant.*

 Now comes Plaintiff, Prose', to motion the Court for summary judgment, pursuant to Federal Rules of Civil Procedure, Rule 56.

 Plaintiffs Libel complaint has provided to the Court all supporting evidence that proves the Defendants continuous Libel behavior. Defendant now is requesting frivolous discovery of Interrogatories, Request for Production of Documents and Admissions in their recent September 20th, 2023 filing. All of which are irrelevant to the facts of the case. This tactic from the Defendant shows the lack of evidence, defense and preparedness involving this claim.

 There is no genuine dispute of any material facts the Defendant has submitted or presented in defense of this claim to the Court. Yet the Defendant is requesting information from the Plaintiff that is not relevant and proves no standing on the Courts record for review. "*The sole issue in this appeal involves the standards for granting summary judgment when the moving party asserts that the nonmoving party has no evidence to establish an essential element of the nonmoving party's case.*"**Dresher v. Burt, 75 Ohio St. 3d 280 - Ohio: Supreme Court 1996**

 Plaintiff has proven the exhaustion of all administrative remedies before bringing said claim to this venue for settlement, Defendant failed to respond to the Plaintiff during the administrative process- and now fails to present a valid defense against this claim in its entirety. "*In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion*

*is adverse to the nonmoving party.*" **State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.**

    It is obvious that Defendant does not have any defense to this claim, the contentious tactic of- moving said claim from the State venue to a Federal venue, to now requesting irrelevant information from the Plaintiff in hopes of buying more time to seek out its next frivolous response. Any reasonable person can determine that Defendant is wasting the time of the Court, and summary judgment shall be granted to the Plaintiff at once.

    IN CONCLUSION, Defendant has in-fact not proven or provided any law nor evidence in its defense of this claim, the Plaintiff is entitled to summary judgment under Rule 56 for the forgoing reason.

Respectfully submitted,

_____
Mario D. Blue
4212 E186th Street
Cleveland Ohio, 44122
Pro se

## Certificate of Service

A copy of the following foregoing " **PLAINTIFFS MOTION FOR SUMMARY JUDGMENT** " has been sent by ordinary USPS Mail to all parties or their attorneys this 27th day of September, 2023:

**TRANSUNION, LLC.**
P.O. Box 805
Woodlyn, Pennsylvania 19094


William M. Huse, Esq. (OH #0076942)
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, IN 46077


whuse@schuckitlaw.com