UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | |
|---|---|
| MARIO D. BLUE,<br>　　　　Plaintiff, | CASE NO: 1:23-cv-01125 |
| vs. | Judge Solomon Oliver, Jr. |
| TRANS UNION, LLC,<br>　　　　Defendant. | |

**TRANS UNION, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, REQUEST FOR EXTENSION OF TIME TO RESPOND IN ORDER TO CONDUCT DISCOVERY**

Defendant consumer reporting agency Trans Union, LLC ("Trans Union") by counsel, submits this Opposition to *pro se* Plaintiff's premature Motion for Summary Judgment [Doc. No. 9] (the "Motion").

The Motion should be denied as procedurally and substantively improper, or in the alternative, judgment be withheld because:

1. Although Plaintiff invokes Federal Rule 56, the Motion fails because it is inappropriate and premature at this stage in the litigation, particularly while Trans Union's attempts at discovery have been categorically rebuked by Plaintiff. In fact, the Motion states "[d]efendant now is requesting frivolous discovery of Interrogatories, Request for Production of Documents and Admissions…[a]ll of which are irrelevant to the facts of this case." See Motion at 1.

2. Summary judgment is only appropriate when the moving party has shown that there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. See Rule 56(a); see also Kizer v. Shelby County Gov't, 649 F.3d 462, 466 (6th Cir. 2011).

"[W]here the moving party has the burden – the plaintiff on a claim for relief … his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." See Calderon v. U.S., 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues Of Material Fact, 99 F.R.D. 465, 487-88 (1984))

3. The Sixth Circuit has repeatedly stated that the party with the burden of proof faces "a substantially higher hurdle" and "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." See Arnett v. Myers, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James William Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)). Therefore, a ruling of summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations of inferences by the trier of fact." See Hunt v. Cromartie, 526 U.S. 541, 553, 119 S. Ct. 1545 (1999).

4. In the present matter, it is undisputed that Plaintiff has failed to produce any evidence which would tend to support the claims contained in the Complaint. Instead, Plaintiff blithely relies on unidentified items attached to the Complaint and makes bare assertions that "the [C]omplaint has provided to the Court all supporting evidence."[1] For this reason alone, the Motion should be denied.

5. Alternatively, Plaintiff's refusal to engage in discovery prejudices Trans Union's ability to present evidence to meaningfully respond to the claims in the Complaint nor present facts essential to justify its opposition.

---

[1] Importantly for the resolution of the Motion, pro se Plaintiff has also failed to attach the unspecified items to the Motion.

6. In just such an occasion, the Federal Rules of Civil Procedure provides that the Court may defer judgment on a motion for summary judgment until discovery can be completed. See Fed. R. Civ. P. 56(d)(2).

7. In light of Plaintiff's refusal to participate in discovery, it would be appropriate for the Court to withhold judgment on the Motion under Federal Rule 56(d) until the individual phases of discovery have been completed so that Trans Union can meaningfully respond to the Motion.

WHEREFORE, Trans Union, LLC respectfully requests that the Court deny Plaintiff's Motion For Summary Judgment as premature or in the alternative, withhold a decision on the Motion until discovery can completed by the parties.

Respectfully submitted,

*/s/ William M. Huse*
William M. Huse, Esq. (OH #0076942)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400 Ext. 103
Fax: 317-363-2257
E-Mail: whuse@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **27th day of October, 2023**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| None. | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, and/or e-mail, on the **27th day of October, 2023**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Mario D. Blue<br>4212 East 186th Street<br>Cleveland, OH 44122 | |

*/s/ William M. Huse*
William M. Huse, Esq. (OH #0076942)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400 Ext. 103
Fax:  317-363-2257
E-Mail:  whuse@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*